IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEAN M MEADOWS,

    Plaintiff,

v.                                                                        CASE NO. 1:11-cv-00045-MP -GRJ

CITY OF INGLIS, TIMOTHY LETSON, BRANDON ROBERTS,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 5, motion to dismiss by City of Inglis and Brandon Roberts. Plaintiff, Jean Meadows, filed a civil rights action pursuant to 42 U.S.C. §1983, against defendants, Timothy Letson, Brandon Roberts, and City of Inglis. Meadows alleges that Letson used excessive force in restraining her and that Roberts and City of Inglis were negligent in supervising and training subordinate officers. For the following reasons the motion is denied.

Meadows was caring for a minor during the fourth of July celebrations. Just before midnight, she stopped at a bar, went in, and left the minor in the car for approximately ten minutes. Officer Letson and Sergeant Roberts saw the unattended minor in the car and arrested Meadows for child neglect. The State Attorney's Office, however, declined to prosecute. During the arrest, Meadows informed the officers that she recently had shoulder surgery and asked them not to handcuff her behind the back. Doc 1 at 8. Despite Meadows's request, Officer Letson, in view of Sergeant Roberts, handcuffed her behind the back. Meadows alleges that Letson used such "excessive, improper and unprovoked force that he so twisted [her] arms

as to cause a scaphoid fracture and severe pain and suffering." Doc 1 at 9. As a result, Meadows has a fractured wrist, damage to her shoulder, and a permanent medical impairment. Doc 1 at 9.

Meadows filed a complaint, pursuant to 42 U.S.C. §1983, against defendants for excessive force, battery, and negligent supervision and training. Doc 1 at 6. Defendants, City of Inglis and Brandon Roberts, petitioned for removal of the case to federal court under 28 U.S.C. §1331, federal question jurisdiction. Doc 1 at 2. Once in federal court, defendants, City of Inglis and Brandon Roberts, filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Meadows responded to the motion to dismiss.

A motion to dismiss for failure to state a claim upon which relief can be granted must demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1358 (S. D. Fla. 2001). Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. In *Bell Atl. Corp. v. Twombly*, the Supreme Court interpreted this standard to mean that a plaintiff's complaint does not need detailed factual allegations but must contain more than mere labels and conclusions. 550 U.S. 544, 556 (2007). Justice Souter, writing for the Court, held that the factual allegations must be enough to "raise the right of relief above the speculative level." *Id*.

The defendants argue two grounds in support of their motion to dismiss. First, defendants assert that "Plaintiff's three-count Complaint fails to specify which of the three named defendants are being sued in each of the three counts." Doc 5 at 2. While defendants initially move to dismiss the complaint "due to its failure to specify which causes of action pertain to which defendants," subsequently they ask the Court to direct plaintiff to replead her

causes of action. Defendants also rely on *Binsack v. Lackawanna County Prison,* which supports a motion for a more definite statement when a complaint fails to specify which defendant is being sued for which count. 2010 U.S. Dist. LEXIS 127112 (M.D. Pa., 2010). Thus, the Court construes this as a motion for a more definitive statement. The Court agrees that plaintiff's causes of action could be clearer as to which defendants are being sued. Accordingly, the plaintiff is directed to replead her causes of action to clearly specify which counts apply to which defendants.

Second, defendants argue that "Plaintiff's Complaint fails to state a claim upon which relief can be granted." Doc 5 at 3. Specifically, defendants argue that "Count I alleges a claim for 'excessive force' and makes reference to the Fourth and Fourteenth Amendments, however, Count I does not indicate the basis for her entitlement." Doc 5 at 3. The Court disagrees. Paragraph ten of the complaint, which is incorporated into Count I, specifically invokes 42 U.S.C. 1983 as a basis for relief. Doc 1 at 7. As such, Count I of the complaint adequately states the legal basis for Meadows's claim.

Defendants also argue that Meadows failed to state a claim for negligent supervision and training. Specifically, defendants argue that Meadows's Count III allegations do not comport with Florida's definition of negligent supervision. Defendant's rely on a 5th DCA case, which states that "[t]he plaintiff must allege facts sufficient to show that once an employer received actual and constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action." *Department of Environmental Protection v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005). However, in paragraph twenty-six of the complaint, which is incorporated into Count III, Meadows alleges that Roberts and City of Inglis had actual notice of problems with Letson's fitness, when Letson used "excessive,

improper, and unprovoked force . . . in full view of Sgt. Roberts . . . ." Doc 1 at 9. Meadows further alleges, in paragraph thirty-seven of the complaint, that Roberts, the acting Chief of Police, failed "to intervene to stop or to adequately investigate or report the mistreatment of the Plaintiff . . . ." Doc 1 at 10-11. Thus, Count III of the complaint provides sufficient facts to support Meadows's claim of negligent supervision.

Furthermore, defendants argue that "Count III purports to allege 'Negligent Supervision and Training,' however, there are no allegations regarding training whatsoever." Doc 5 at 3. Defendants are correct that the complaint contains no factual allegations regarding training. The only mention of training in the complaint is paragraph four, which states that Sergeant Roberts, as the acting Chief of Police of the City of Inglis, was responsible for "ensuring that those under his command, including Officer Letson, received appropriate training . . . ." Doc. 1 at 6. This is insufficient to support Meadows's claim of negligent training. Meadows must allege some set of facts that could prove defendants breached their alleged duty to properly train Officer Letson.

In their reluctance to dismiss a pleading, courts often grant a motion to dismiss but grant the pleader leave to amend his pleading to correct the defects. *Cf.* Fed. R. Civ. P. 15(a). It appears that if the plaintiff amends her complaint to include allegations regarding negligent training, or eliminate that claim entirely, the defects of the complaint will be remedied. Thus, the motion to dismiss the complaint is granted with leave to the plaintiff to amend the complaint within twenty (20) days after entry of the order hereon. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The motion for a more definitive statement is GRANTED.

2. Plaintiff is directed to replead her causes of action to clearly specify which counts apply to which defendants.

3. The motion to dismiss the complaint, Doc. 5, is GRANTED with leave to the plaintiff to amend the complaint within twenty (20) days after entry of the order hereon.

4. Defendants' time to answer is extended to twenty (20) days after the filing of the amended complaint.

**DONE AND ORDERED** this  *20th* day of April, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge