IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEAN M MEADOWS,

    Plaintiff,

v.                                                                           CASE NO. 1:11-cv-00045-MP-GRJ

CITY OF INGLIS, TIMOTHY LETSON, BRANDON ROBERTS,

    Defendants.

_____/

## **O R D E R**

       This matter is before the Court on Doc. 30, Motion to Dismiss Counts I and III of the first amended complaint by Timothy Letson.  Plaintiff, Jean Meadows, filed a civil rights action pursuant to 42 U.S.C. §1983, along with state-based causes of action, against defendants, Timothy Letson, Brandon Roberts, and City of Inglis.  Meadows alleges that Letson used excessive force in restraining her and that Roberts and City of Inglis were negligent in supervising and training subordinate officers. For the following reasons the motion is denied.

       Meadows was caring for a minor during the fourth of July celebrations.  Doc. 16 at 3. Just before midnight, she stopped at a bar, went in, and left the minor in the car for approximately ten minutes.  Doc. 16 at 3.  Officer Letson and Sergeant Roberts saw the unattended minor in the car and arrested Meadows for child neglect.  Doc. 16 at 3.  The State Attorney's Office, however, declined to prosecute.  Doc. 16 at 3.  During the arrest, Meadows informed the officers that she recently had shoulder surgery and asked them not to handcuff her behind the back. Doc 16 at 4.  Despite Meadows's request, Officer Letson, in view of Sergeant Roberts, handcuffed her behind the back. Doc 16 at 4.  Meadows alleges that Letson used such

"excessive, improper and unprovoked force that he so twisted [her] arm as to cause a scaphoid fracture and severe pain and suffering." Doc 16 at 4.  As a result, Meadows has a fractured wrist, damage to her shoulder, and a permanent medical impairment.  Doc 16 at 4.

Meadows filed a complaint, pursuant to 42 U.S.C. §1983, against defendants for excessive force, battery, and negligent supervision and training.  Doc 1 at 6.  Defendants, City of Inglis and Brandon Roberts, petitioned for removal of the case to federal court under 28 U.S.C. §1331, federal question jurisdiction.  Doc 1 at 2.  Defendant Letson filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiff has responded.

A motion to dismiss must be viewed in the light most favorable to the plaintiff.  *See Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991).  Moreover, a motion to dismiss for failure to state a claim upon which relief can be granted must demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1358 (S. D. Fla. 2001).  Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. In *Bell Atl. Corp. v. Twombly*, the Supreme Court interpreted this standard to mean that a plaintiff's complaint does not need detailed factual allegations but must contain more than mere labels and conclusions. 550 U.S. 544, 556 (2007). Justice Souter, writing for the Court, held that the factual allegations must be enough to "raise the right of relief above the speculative level." *Id*.

Defendant Letson argues that Meadows has failed to state a claim upon which relief may be granted with regards to Count I and III, and that Count III is duplicative of Count II.  In their motion to dismiss, defendants Roberts and City of Inglis also argued that Count III of the amended complaint is duplicative and fails to state a Fourteenth Amendment violation.  The

Court denied that motion and directed the plaintiff to replead Count III to state a separate and distinct violation not alleged in Count II. Accordingly, the Court denies Letson's motion to dismiss Count III as moot.

Count I states a cause of action against Timothy Letson for the state tort of battery. Defendant Letson argues that he enjoys immunity from this claim by virtue of Florida statute 768.28(9)(a), which states:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla Stat. 768.28(9)(a). Meadows contends that from the allegations in the amended complaint, "a reasonable fact finder could determine the Defendant's conduct demonstrated sufficient disregard for the Plaintiff's safety to void any claim to immunity."

Where the finder of fact could reasonably determine the alleged conduct was engaged in with wanton and willful disregard of a person's rights or safety, dismissal of a battery count under § 768.28 is improper. *See Slone v. Judd*, 2010 WL 2542283, 4 (M.D.Fla. 2010); *accord McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1996). Moreover, the factual allegations need not precisely follow the wording of the qualified immunity statute in order to plead conduct sufficient to constitute battery. *Slone,* 2010 WL 2542283 at n.7. In *Slone*, the plaintiff did not quote the statutory language of "wanton and willful" and instead described with specificity the actions taken by the defendant officer. *Id* at 4. The Court found that the allegations described a level of force consist with a battery claim and denied the defendant's motion to dismiss for qualified immunity. *Id.*

In the instant case, the amended complaint alleges Letson forcibly seized Meadows with excessive and improper force sufficient to fracture her arm. Doc. 16 at ¶ 25. The amended complaint further alleges that Letson disregarded Meadows's warning that she was recovering from surgery and was especially susceptible to injury. Doc. 16 at ¶¶ 22, 24. Based upon those specific allegations a reasonable fact finder could determine the Letson's conduct demonstrated sufficient disregard for Meadows's safety to void any claim to immunity. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Letson's motion to dismiss Counts I and III of the first amended complaint is DENIED.

**DONE AND ORDERED** this   *22nd* day of August, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge