IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEAN M MEADOWS,

    Plaintiff,

v.                                                       CASE NO. 1:11-cv-00045-MP-GRJ

CITY OF INGLIS, TIMOTHY LETSON, BRANDON ROBERTS,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 41, Motion to Dismiss Counts III and VI of the Second Amended Complaint by City of Inglis, Timothy Letson, and Brandon Roberts.  Plaintiff, Jean Meadows, filed a civil rights action pursuant to 42 U.S.C. § 1983, along with state-based causes of action, against defendants, City of Inglis, Timothy Letson, and Brandon Roberts.  Meadows alleges that Letson used excessive force in restraining her and that Roberts and City of Inglis were negligent in supervising and training subordinate officers.  This Court has previously reviewed three prior motions to dismiss.  Docs. 5, 19, and 30.  Those motions were granted in part and denied in part.  Docs. 12, 35, and 37.  The factual and procedural history of this case, along with the specific relief granted is set forth in the Court's Orders.  Docs. 12, 35, and 37.  For the following reasons, the defendants' instant motion to dismiss is granted and Counts III and VI of the Second Amended Complaint are dismissed.

A motion to dismiss must be viewed in the light most favorable to the plaintiff.  *See Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991).  Moreover, a motion to dismiss for failure to state a claim upon which relief can be granted must demonstrate "beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1358 (S.D. Fla. 2001).  Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  But this is not as simple as it may seem.  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court interpreted this standard to mean that a plaintiff's complaint does not need detailed factual allegations but must contain more than mere labels and conclusions.  550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007).  Justice Souter, writing for the Court, held that the factual allegations must be enough to "raise the right of relief above the speculative level." *Id.* at 545, 127 S. Ct. at 1959.

In Counts III and VI of the Second Amended Complaint, Meadows alleges that Roberts and Letson, as individuals and as agents of the City of Inglis, deprived her of her constitutional rights.  Doc. 39.  Specifically, Meadows alleges that Roberts and Letson "assumed a duty of care and protection for her person and rights," and that by failing to meet that duty, they "violated [her] liberty interest to personal security secured to her by the Fourteenth Amendment to the U.S. Constitution."  Doc. 39.  Because the facts as pled do not support these claims, in spite of this Court having given Meadows sufficient opportunity to adequately replead the claims on two prior occasions, Counts III and VI must be dismissed.

Evident through her complaints and through her responses to the defendants' motions, Meadows is claiming two constitutional violations.  First, in Counts II and V, she argues that the defendants used excessive force during her arrest.  Meadows correctly brought this claim under the Fourth Amendment.  The Supreme Court made clear in *Graham v. Connor* that "*all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest . . . should be analyzed under the Fourth Amendment."  490 U.S. 386, 395, 109 S. Ct.

1865, 1871 (1985) (emphasis original).  In her second constitutional claim, Counts III and VI, Meadows argues that the defendants, in failing to ensure her safety from the point in which they took custody of her, violated her due process rights guaranteed by the Fourteenth Amendment. While Meadows is correct that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005 (1989), she is incorrect in assuming that this duty arises immediately when law enforcement officers detain an individual, or even place an individual under arrest.  The law requires more.

In *Garrett v. Athens-Clarke County*, the Eleventh Circuit addressed this very issue when a defendant argued that excessive force claims should be analyzed under the rubric of the Fourteenth Amendment, not the Fourth Amendment.  378 F.3d 1274, n.11 (11th Cir. 2004).  The court determined that excessive force claims, by definition, "arise from events happening in the course of the arrest," and must therefore be reviewed under the Fourth Amendment according to the Court's decision in *Graham*.  *Id.*  In deciding this issue, the court relied upon the Fifth Circuit's decision in *Gutierrez v. City of San Antonio*, wherein the court emphasized that "the Fourth Amendment protects arrestees, [but] once an arrest is complete, pretrial detainees are protected by the due process clause of the Fifth or Fourteenth Amendments."  139 F.3d 441, 452 (5th Cir. 1998).  The court admitted that while "the point at which an arrest ends and pretrial detainment begins is not always clear . . . the Fifth or Fourteenth Amendments begin to protect persons '*after* the incidents of arrest are completed, *after* the plaintiff has been released from the arresting officer's custody, and *after* the plaintiff has been in detention awaiting trial for a significant period of time."  *Id.* (quoting *Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir.

1993) (emphasis original). Put differently, the Fourth Amendment's prohibition of unreasonable "seizures" is "primarily directed to the initial act of restraining an individual's liberty, such as an investigatory stop or arrest." *Gutierrez*, 139 F.3d at 1444.

In this case, despite being given three chances, Meadows has failed to allege any facts that would support her claim that her right to due process under the Fourteenth Amendment has been violated. Every allegation involves the immediate interaction between her and the arresting officers at the scene of the arrest. There is no allegation that she was wronged "*after* the incidents of arrest [were] completed, *after* [she had] been released from the arresting officer's custody, [or] *after* [she had] been in detention awaiting trial for a significant period of time." *Valencia*, 981 F.2d at 1444 (emphasis original). Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' motion to dismiss Counts III and VI of the second amended complaint, Doc. 41, is GRANTED.

2. Counts III and VI of the second amended complaint are DISMISSED.

**DONE AND ORDERED** this   *3rd* day of October, 2011

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge